**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

KATHLEEN PARKER

-V- C.A. No. 07-401S

DANIEL HALPREN-RUDER, M.D., and URGENT MEDICAL CENTER OF SMITHFIELD, INC., URGENT MEDICAL CENTER OF CUMBERLAND, INC., and WARWICK URGENT CARE PARTNERS, INC., d/b/a STAT CARE-WARWICK MEDICAL

DEFENDANTS' MEMORANDUM IN
SUPPORT OF THEIR MOTION TO DISMISS

The Defendants herein have moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Rules of Civil Procedure for failure to state a claim. Based upon the statute of frauds and applicable statutory exemptions from coverage under the Fair Labor Standards Act, the significant counts of Plaintiff's ten-count complaint should be dismissed with prejudice and the ancillary state law claims should be dismissed without prejudice.

1. STANDARD ON A MOTION TO DISMISS.

Although under a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court "must accept the allegations of the complaint as true and if, under any theory, the allegations are sufficient to state a cause of action in accordance with the law (the Court) must deny the motion to dismiss," Vartanian v. Monsanto Company, 14 F.3d 697, 700 (1st Cir. 1994), the converse is also true. When the allegations, accepted as true, do not state a cause of action because of statutory or regulatory prohibition, the courts should dismiss the action.

2. THE COMPLAINT.

Plaintiff Kathleen Parker ("Plaintiff" or "Parker") has alleged in her ten-count complaint that she is a registered nurse practitioner with experience in occupational healthcare (Paragraph 1 of complaint), that she was offered by Defendant or Defendants an equity interest in Defendant's companies if she worked for Defendant as a registered nurse practitioner for five years (Complaint Paragraph 8) and that her duties consisted of nursing, management and administration in the occupational health services (Complaint at Paragraphs 8, 9 and 14).

Parker claims a violation of Defendants' agreement to give her an equity interest in Defendants' businesses as well as violations of requirements under the Fair Labor Standards Act ("FLSA") that hourly wage earners be paid overtime for overtime work. Her theories as to the agreement to receive an equity interest in Defendant companies are breach of contract, estoppel, breach of covenants of good faith and fair dealing, a request for specific performance, unjust enrichment and an accounting as set forth in Counts II, III, IV, V, VI, VIII and IX of the complaint. Count I of the complaint alleges a violation of the Fair Labor Standards Act. Count VII alleges a violation of a contractual obligation to fund a qualified 401-K retirement plan for Plaintiff's benefit. Count X alleges a violation of Rhode Island state law on unauthorized use of name and deprivation of a privacy right. Those last two claims are ancillary to the claims for violation of the FLSA and breach of contract and related counts controlled by the Statute of Frauds.

3. FAIR LABOR STANDARDS ACT CLAIMS.

The Plaintiff alleges in her complaint that she was paid an hourly wage by Defendants and that she worked substantial hours in excess of 40 hours for which she was not paid

compensation.[1] See Complaint at Paragraph 25. As stated above, Parker alleged that she was a registered nurse practitioner[2] and that she performed "various nursing, management and administrative services" for Defendants. See Complaint Paragraph 14. The FLSA exempts certain workers from the coverage as to minimum wage and maximum hour requirements. 29 U.S.C. § 213 states that the FLSA does not apply to "any employee employed in a bona fide executive, administrative or professional capacity." In addition, the U.S. Department of Labor has published regulations at 29 CFR 541.304 which further define "The term 'employee employed in a bona fide professional capacity.'" The regulations state "in the case of medicine, the exemption applies to physicians and **other practitioners** licensed and practicing the field of medical science and healing or any of the medical specialties practiced by physicians **or practitioners**." (Emphasis added.) Thus, the statute and regulations mean that someone such as a registered nurse practitioner is not governed by the FLSA. It is specifically provided in 29 CFR 541.304 that the salary requirements set forth in other subparts of the FLSA regulations do not apply to employees described in the regulations. Therefore, the salary requirements on which Plaintiff based Count I of her complaint do not apply to employees described in the regulations as exempt professional employees, which include Plaintiff as a registered nurse practitioner.

Plaintiff has alleged that she performed various health service management and administrative duties as well as serving as a registered nurse practitioner. She stated at Paragraph 7 of the complaint that "Her primary responsibilities were focused on managing, soliciting, and servicing occupational health services clients. Parker was also responsible for

---

[1] Defendants' position is that plaintiff was paid properly for all work performed.

[2] A registered nurse practitioner has certification requirements beyond those required of registered nurses or practical nurses and has greater privileges than P.N.'s or R.N.'s. See specifically R.I. Gen. Laws § 5-34-39 and generally R.I. Gen. Laws § 5-34-1 et seq.

training nurse practitioners and performing pre-employment physicals, drug screening, immunizations and other occupational health services."

As a result of that job description, Plaintiff is exempt from coverage under the FLSA. As noted in Cowan v. Tri-Color, Inc., 869 F.Supp. 262 (D. Del. 1994), an employee's status under the FLSA may be determined by a court as a matter of law. Id. at 264. In Cowan, defendant's motion for summary judgment was granted against the plaintiff employee who was an office manager and therefore an administrative employee. The court noted that "what constitutes being employed in an 'administrative capacity' is further defined in regulations promulgated by the Department of Labor." Id. at 263. As noted, the regulations promulgated by the Department of Labor exempt from FLSA coverage licensed health care practitioners.

Because Plaintiff has alleged her primary responsibilities were "developing, servicing and managing the occupational health services side of the business," (complaint at Paragraph 8), Parker is exempt from coverage under the FLSA due to her employment in her professional capacity. Count I under the FLSA must be dismissed for failure to state a claim upon which relief may be granted.

4. STATUTE OF FRAUDS AS TO CONTRACT CLAIM.

R.I. Gen. Laws § 9-1-4(5) states that "no action shall be brought whereby to charge any person upon any agreement which is not to be performed within the space of one year from the making thereof." Plaintiff's complaint unmistakably alleges at Paragraph 8 that Defendant Halpren-Ruder offered Parker an equity interest in Defendant Urgent Smithfield if she would work as his employee for five years. Because that contract could not possibly be performed within the space of one year, the Plaintiff cannot maintain an action based on that alleged oral

contract.[3] Thus, judgment was entered in favor of the employer in Weisse v. Engelhardt Minerals and Chemicals Corp., 571 F.2d 117 (2d Cir. 1978), (oral employment contract not capable of complete performance within one year of its making was unenforceable under the statute of frauds); Lindsey v. M.A. Zeccola & Sons, Inc., 26 F.3d 1236 (3d Cir. 1994), (affirming of dismissal for breach of employment contact which could not be performed within one year and thus was barred by the statute of frauds); and In Re Belmont Realty Corp., 116 B.R. 21(B'cy D.R.I. 1990), (oral agreement not to call in a demand note until completion and sale of condominium project barred under statute of frauds for lack of ability to perform within one year). Under no set of facts could a contract requiring Plaintiff to work at Defendants' companies for a period of five years be enforceable without a written agreement. The complaint does not allege that there was such a written agreement nor does one exist. For those reasons, the Plaintiff fails to state a claim upon which relief may be granted as to Counts II through VI, VIII and IX of the complaint, and those counts of the complaint should be dismissed with prejudice.

5. PROMISSORY ESTOPPEL IS NOT VIABLE AMONG THE STATUTE OF FRAUDS.

Count III of the complaint alleges that the Defendants are estopped from denying the existence of a contract. There is substantial case law which holds that the doctrine of promissory estoppel cannot be used to defeat the application of the statute of frauds.

See C.R. Fedrick, Inc. v. Borg-Warner Corp., 552 F.2d 852, 857 (9th Cir. 1977) (applying California law and concluding that state supreme court would not render California Commercial Code's § 2-201(1) and (2) a nullity by extending the doctrine of estoppel to vendor's

[3] Defendants deny that any such contract, even if void due to the statute of frauds, ever existed. For purposes of the motion to dismiss, however, the allegation must be accepted as true. Vartanian.

oral bids for sale and delivery of specific goods); Lige Dickson Co. v. Union Oil Co. of California, 635 P.2d 103, 107 (Wash. 1981) (en banc) (declining to adopt doctrine of promissory estoppel because it "would allow parties to circumvent the U.C.C." and joining "the other courts which limit the doctrine of promissory estoppel from overcoming a valid defense based on the statute of frauds contained within the Uniform Commercial Code"); Anderson Constr. Co. v. Lyon Metal Prods., Inc., 370 So.2d 935, 937 (Miss. 1979) (noting that the court had previously "declined to diminish the effect of the statute of frauds by applying the principle of estoppel" and stating that '[t]o hold otherwise would destroy the purpose of the statute to prevent frauds and perjuries"); Farmland Serv. Coop., Inc. v. Klein, 244 N.W.2d 86, 90 (Neb. 1976) (rejecting plaintiff's promissory estoppel argument which would have rendered statute of frauds "nugatory" in case where plaintiff had claimed defendants had orally agreed to sell it 90,000 bushels of corn).

The same rationale is applicable to defeat Plaintiff's breach of contract claims defined in other words, including Count IV for breach of covenant of good faith and fair dealing, Count V for fraudulent inducement, Count VIII for unjust enrichment and Count IX for an accounting.

6. REMAINING STATE CLAIMS SHOULD BE DISMISSED WITHOUT PREJUDICE.

Count VII alleges that Defendants failed to make a promised 401-K contribution on behalf of the Plaintiff. Count X alleges violation of state law regarding unauthorized use of name. Upon dismissal of the count alleging noncompliance with the FLSA and dismissal of the counts controlled by the statute of frauds as to the agreement that could not be performed within five (5) years, the remaining claims under state law should be dismissed without prejudice. If Plaintiff wishes to pursue them, they can be pursued in Rhode Island Superior Court. In Cardillo

v. Cardillo, 360 F. Supp. 2d 402 (D.R.I. 2005), this Court stated that "when a district court dismisses all claims over which it has original jurisdiction, the court may, in its discretion, decline to exercise supplemental jurisdiction over the state law claims." Id. at 412 (after dismissal of federal claims, remaining state law claims were dismissed without prejudice.) Counts VIII and X are strictly state law claims and no allegation of diversity of citizenship, coupled with the requisite jurisdictional amounts, or federal questions are raised in those counts. The Court should dismiss those claims without prejudice.

## CONCLUSION

It is respectfully submitted that, based upon the exemption of the Plaintiff under the Fair Labor Standards Act and the application of a statute of frauds, Plaintiff's counts with original federal jurisdiction should be dismissed with prejudice. The remaining counts, Counts VIII and X should be dismissed without prejudice.

Respectfully submitted,

DANIEL HALPREN-RUDER, M.D., and
URGENT MEDICAL CENTER OF
SMITHFIELD, INC., URGENT MEDICAL
CENTER OF CUMBERLAND, INC., and
WARWICK URGENT CARE PARTNERS,
INC., d/b/a STAT CARE-WARWICK MEDICAL

By their attorneys,

/S/ Robert D. Fine

Robert D. Fine, Esq. (#2447)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Phone: (401) 453-6400
Fax: (401) 453-6411