UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KATHLEEN PARKER | : | |
| | : | |
| v. | : | C.A. NO. 07-401S |
| | : | |
| DANIEL HALPERN-RUDER, M.D. and URGENT MEDICAL CENTER OF SMITHFIELD, INC.; URGENT MEDICAL CENTER OF CUMBERLAND, INC. and STAT CARE-WARWICK MEDICAL | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Kathleen Parker ("Plaintiff"), hereby objects to the motion to dismiss filed by Defendants, Daniel Halpern-Ruder, M.D., Urgent Medical Center of Smithfield, Inc., Urgent Medical Center of Cumberland, Inc. and Stat Care-Warwick Medical ("Defendants") on the ground that Plaintiff's Complaint states valid claims under federal and state law.

## FACTUAL BACKGROUND

On or about 1997, Plaintiff began working for Halpern-Ruder and Urgent Smithfield as a registered nurse. Her primary responsibilities were focused on managing, soliciting and servicing occupational health services clients. Plaintiff was also responsible for training nurse practitioners in performing pre employment physicals, drug screenings, immunizations and other occupational health services. (Compl. ¶ 7). In her capacity servicing clients as a registered nurse practitioner, Plaintiff performed nursing duties including pre employment physicals, drug screenings, immunizations and other related occupational health services.

In her Complaint, Plaintiff alleges that Defendants failed to pay her overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the

"FLSA"). Plaintiff has also brought various related claims for breach of contract, estoppel, breach of implied covenant of good faith and fair dealing, fraudulent inducement, specific performance, unjust enrichment and accounting, premised upon Defendants' failure to give Plaintiff an equity interest in Defendants' companies pursuant to their agreement, which was repeated and confirmed annually throughout the course of her employment. Plaintiff also alleges that Defendants violated R.I. Gen. Laws § 9-1-28 and § 9-1-28.1 by depriving her of her right to privacy and by Defendants' unauthorized use of her name.

**STANDARD OF REVIEW**

Defendants' Motion to Dismiss Plaintiff's Complaint is grounded upon Fed. R. Civ. Proc. 12 (b)(6), failure to state a claim upon which relief may be granted.

> In ruling on a motion to dismiss, the Court construes the complaint in the light most favorable to plaintiff, taking all well-pleaded allegations as true and giving plaintiff the benefit of all reasonable inferences. . . . Dismissal under Rule 12 (b)(6) is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*See Guilbeault v. R.J. Reynolds Tobacco Company*, 84 F. Supp. 2d 263 (D.R.I. 2000) (internal citations omitted).

The role of the District Court in considering a motion to dismiss under Rule 12 (b)(6) of the Federal Rules of Civil Procedure is to "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989); *Gray v. Derderian*, 472 F.Supp. 2d 172, 176 (D.R.I. 2007). Under Rule 12(b)(6), the District Court must limit itself to the facts stated in the complaint or incorporated therein by reference. *El Dia, Inc. v. Rossello*, 165 F.3d 106, 110 (1st Cir. 1999). The complaint should not be dismissed unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of the claim that would entitle her to relief. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988).

Plaintiff asserts that its Complaint alleges sufficient facts to withstand Defendants' motion to dismiss with respect to each of her claims.

## LEGAL ARGUMENT

### I. Plaintiff Does Not Fall Within the Statutory "Professional" Exemption to the Overtime Requirements Under the Fair Labor Standards Act.

Defendants contend that Plaintiff's occupation as a registered nurse practitioner exempts her from the overtime requirements of the Fair Labor Standards Act based upon the professional exemption of 29 U.S.C. § 213. This position is wrong, based upon the plain language of the regulations, agency interpretations and pertinent case law.

As a threshold matter, an employee does not fall within the "professional capacity" exemption unless she meets both the "duties" test and the "salary test." 29 C.F.R. 541.300. In the case, apart from her first year of employment, Plaintiff received an hourly wage for a forty hour week as compensation for the various nursing, management and administrative services she performed on behalf of Defendants. (Compl. ¶ 14, 24). Thus, even though a registered nurse practitioner may meet the duties test to be considered working in a professional capacity, Plaintiff does not meet the salary test to fall within the exemption. [1]

Defendants cite to 29 C.F.R. 541.304, which provides a narrow exemption to the salary requirement for the practice of law or medicine, in support of their contention that the FLSA is not applicable to the Plaintiff. However, when this regulation is read in its entirety and in

[1] 29 C.F.R. 541.301 (e)(2), articulating the "learned professional exemption," sets forth that registered nurses who are registered by the appropriate State examining board generally meet the duties requirements for the learned professional exemption.

conjunction with 29 C.F.R. 541.600, it is readily apparent that this exemption is intended to encompass the practice of medicine and not registered nurse practitioners. Moreover, the legislative history of the 2004 revisions to regulations 541.304 and 541.600 establishes that the Department of Labor specifically declined to "expand the original, limited number of professions that were not subject to the salary test" to include registered nurses and others. *See* Federal Register Vol. 69, no. 79, p. 22121-22274, 22158.

The regulation clearly and unambiguously requires that in order to qualify for the 541.304 exemption an employee must hold a valid license to practice medicine or hold an academic degree for the "practice of medicine." 29 C.F.R. 541.304 (a). A registered nurse practitioner does not hold a license to practice medicine or a medical degree, but must acquire a degree in nursing in order to obtain the requisite certificate. R.I. Gen. Laws § 5-34-35.

Second, 29 C.F.R. 541.600, enumerating the salary requirements for professionals, clearly states:

> In the case of medical occupations, the exception from the salary or fee requirements does not apply to pharmacists, ***nurses***, therapists, technologists, sanitarians, dietitians, social workers, psychologists, psychometrists, or other professions which service the medical profession.

(Emphasis added.) The mere fact that Plaintiff's occupation is termed a "registered nurse practitioner" does not obviate the fact that first and foremost she is a ***nurse*** R.I.Gen. Laws § 5-34-3 (2) defines "certified registered nurse practitioner" as an advanced practice ***nurse*** utilizing independent knowledge of physical assessment and management of health care and illness, which includes collaboration with other health care professionals, including physicians, pharmacists, podiatrists, dentists and nurses. Accordingly, since Plaintiff was not engaged in the

"practice of medicine" she does not fall within the exemption to the FLSA overtime requirements.

Third, while the specific issue of registered nurse practitioners has not been addressed in the First Circuit, it is nevertheless well established that it is the employer's burden to establish the applicability of an exemption from the FLSA. *DeJesus-Rentas v. Baxter Pharmacy Services Corp.*, 400 F.3d 72, 74 (1st Cir. 2005). The Defendants simply cannot meet this burden at this stage of the proceedings.

Finally, the only Circuit Court of Appeals to address the applicability of the salary exception to registered nurse practitioners determined, after well reasoned analysis of the legislative history and agency interpretations, that registered nurse practitioners must meet the salary requirement in order to fall within the professional exemption to the overtime requirements of the FLSA. *Belt v. EmCare, Inc*., 444 F.3d 403 (5th Cir. 2006). The Court concluded that the term "practice of medicine," despite being undefined in the regulation, excluded nurse practitioners, finding the fact that they are not licensed to practice medicine under any state's medical statute as strongly persuasive evidence that they are not viewed as the "practice of medicine." *Id* at 412. This holding is consistent with other federal cases that have uniformly held that nurses must meet the salary or fee requirements to be exempt from the overtime requirements of the FLSA. *See Powell v. American Red Cross*, 2007 WL 1723656 (D.D.C. 2007) (registered nurse must meet both salary and primary duty tests); *Brock v. Superior Care*, *Inc.*, 840 F.2d 1054 (2nd Cir. 1988) (same); *Davis v. Lenox Hospital*, 2004 WL 1926087 (S.D.N.Y. 2004) (same).

Apart from her first year of employment with Halpern-Ruder, Plaintiff was paid an hourly wage by Defendants. (Compl. ¶ 24). Over the course of her employment, Plaintiff

worked substantial hours in excess of forty (40) hours a week for which she was not paid compensation in violation of the Fair Labor Standards Act. (Compl. ¶ 25) Consequently, Plaintiff's Complaint states a claim under the FLSA.

**II. Plaintiff's Claims are Not Barred by the Statute of Frauds.**

Defendants contend that Plaintiff's claims premised upon Defendants' agreement to give her an equity interest in the business are barred by the statute of frauds, R.I.Gen. Laws § 9-1-4(5) because the agreement could not be performed within one year. Defendants boldly assert "under no set of facts could a contract requiring Plaintiff to work at Defendants' companies for a period of five years be enforceable without a written agreement." (Defendants' Memo, p. 5) This is an inaccurate statement of governing Rhode Island law.

As a factual matter, Plaintiff has alleged that the agreement to give her an equity interest in Urgent if she continued to manage, service and develop the occupational health services business and the other aspects of Urgent's business was confirmed and renewed by Halpern-Ruder annually. Thus, clearly in the last year of her employment, the agreement was capable of being performed within one year and falls outside the statute of frauds. *See Gupta v. Customerlinx Corp.*, 385 F.Supp. 2d 157 (D.R.I 2005).

As a legal matter, where an agreement has been admitted under oath, thereby manifesting a party's objective intent to be bound by its terms, enforcement of the agreement cannot be defended by invoking the statute of frauds. *Adams-Riker, Inc. v. Nightingale*, 383 A.2d 1042, 119 R.I. 862 (1978); *Smith v. Boyd*, 553 A. 2d 131, 133 (R.I. 1989) (affirming principle that "to allow the statute to excuse a party's performance, when such party admits all elements essential to a valid contract, does not involve a perjurious claims and would create an injustice.")

No discovery or depositions have been taken in this action. Defendant has not even formally denied in the allegations in Plaintiff's Complaint. Since for the purposes of this Motion to Dismiss, Plaintiff's allegations must be taken as true, and it us possible that Defendants' may admit to the terms of the agreement, the statute of frauds cannot operate to bar Plaintiff's claims on a motion to dismiss.

### III. The Doctrine of Promissory Estoppel May Defeat the Application of the Statute of Frauds.

Defendants have cited to cases from other jurisdictions in support of their proposition that promissory estoppel cannot be used to defeat the application of the statute of frauds. However, Rhode Island law is to the contrary. *Demirs v. Plexicraft*, 781 F.Supp. 860 (D.R.I. 1991) (genuine issue of fact whether employer was equitably estopped from asserting the statute of frauds.) *See also Lago & Sons Dairy, Inc. v. H.P. Hood, Inc*., 892 F.Supp. 325 (D.N.H. 1995) (fact issue precluded summary judgment on whether supplier was estopped from denying enforceability of oral contract under statute of frauds.)

Under Rhode Island law, the doctrine of equitable estoppel may be invoked where the reliance by one party on a statement or promise of another renders it unjust for the other party to change its position on an issue. The factual considerations include the extent of reliance upon party's action or inaction, whether such reliance was reasonable or justified, and the authority of the agents involved. *Greenwich Bay Yacht Basin Associates v. Brown*, 537 A.2d 988 (R.I. 1988).

In her Complaint Plaintiff has alleged that in reliance upon Halpern-Ruder's renewed agreement, Plaintiff continued to work faithfully, skillfully and diligently for Defendants for the ensuing years, contributing substantially to the growth and success of the business. (Compl. ¶ 11) She also alleged that in reliance upon Halpern-Ruder's agreements that her efforts were

being accrued toward equity in Defendants' businesses, Plaintiff did not pursue more lucrative employment opportunities, did not take her allotted vacation time, sick time or personal time, worked substantial overtime for no compensation, received no bonuses or commissions for her contributions to the business and did not pursue additional benefits from Defendants, but continued working for Defendants under the same terms. (Compl. ¶ 13, 17)

These allegations provide a sufficient factual basis for an estoppel claim. Accordingly, dismissal based upon the statute of frauds must be denied.

Finally, the statute of frauds does not operate as a bar to Plaintiff's related claims for breach of the implied covenant of good faith and fair dealing, fraud and unjust enrichment. *See Bourdon's, Inc. v. Ecin Industries, Inc.*, 704 A.2d 747 (R.I. 1997) (statute of frauds inapplicable to claim of misrepresentation, fraud or deceit).

**IV. This Court Should Retain Jurisdiction Over All of Plaintiff's Claims.**

Defendants' have asserted no viable basis for this Court to dismiss Plaintiff's federal claims. Inasmuch as the various state law claims are premised upon the same operative facts related to the employment relationship, this Court has the discretion to exercise jurisdiction over the state law claims. 28 U.S.C. § 1367(c*). See Hart v. Mazur,* 903 F.Supp. 277, 281 (D.R.I. 1995) (federal and state law claims arising from a common nucleus of operative fact may be heard together in federal court.)

## CONCLUSION

For the reasons set forth herein, Defendants' Motion to Dismiss must be denied in all respects.

Plaintiff,
Kathleen Parker

By her Attorney,

__/s/ Thomas A. Tarro, III____________
Thomas A. Tarro III, Esq. #2046
THE LAW FIRM OF THOMAS A. TARRO III
The Summit East - Suite 330
Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732- 3362 (facsimile)

## CERTIFICATION

I hereby certify that a true copy of the foregoing MEMORANDUM IN SUPPORT OF PLAINTIFFS' OBJECTION TO DEFENDANTS MOTION TO DISMISS was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 3rd day of December 2007:

Robert D. Fine, Esq.
Chace, Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

___/s/ Thomas A. Tarro, III______