**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

KATHLEEN PARKER

-V- C.A. No. 07-401S

DANIEL HALPREN-RUDER, M.D., and URGENT MEDICAL CENTER OF SMITHFIELD, INC., URGENT MEDICAL CENTER OF CUMBERLAND, INC., and WARWICK URGENT CARE PARTNERS, INC., d/b/a STAT CARE-WARWICK MEDICAL

**DEFENDANTS' REPLY MEMORANDUM IN**
**FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

Now come defendants in the above-entitled matter and, pursuant to U.S. District Court Local Rule Civil 7, submits this Reply Memorandum in further support of their motion to dismiss.

**1. Promissory Estoppel Does Not Defeat the Statute of Frauds Defense Bar to Plaintiff's Claim.**

Plaintiff has cited Demirs v. PlexiCraft, 781 F. Supp. 860 (D.R.I., 1991), to argue that promissory estoppel can be utilized to overcome the statute of frauds defense. This Court has rejected that argument in Siesta Sol, LLC v. Brooks Pharmacy, Inc. 2007 WL 2377044 (D.R.I. August 16, 2007). Demirs involved a written contract, the terms of which the Court found to be ambiguous. In this action, as was the case in Siesta Sol, there is no written contract. In addition, the body of law cited by this Court in Siesta Sol indicates that most jurisdictions recognize that the promissory estoppel argument should not trump a statute of frauds defense and eviscerate the statute of frauds itself.

**2. The applicable regulations make plaintiff exempt from salary requirements and therefore exempt from the application of the FLSA.**

Plaintiff, in her argument stating that she is governed by the Fair Labor Standards Act ("FLSA"), relies upon Belt v. EmCare, Inc., 444 F.3d 403 (5th Cir. 2006). Although that case dealt with nurse practitioners and physicians assistants, Rhode Island gives registered nurse practitioners such as plaintiff broad rights, which distinguishes that case from this case. In addition, that case was based upon regulations as codified in 1973, id. at 406, footnote 5. It was not governed by the current version of the federal regulations, which were effective August 23, 2004.[1] Under the regulations presently in effect, plaintiff, a self-described registered nurse practitioner, is exempt from FLSA coverage due to her professional capacity. 29 CFR 541.304, attached, precludes employees employed in bona fide professional capacities who practice medicine (whether physicians or other practitioners licensed and practicing in the field of medical science and healing) from the salary requirement provisions of 29 CFR 541.600. 29 CFR 541.301(f) recognizes the expanding role of the professional exemption.

As defined in R.I. Gen. Law § 5-34-3, a certified registered nurse practitioner "is an advanced practice nurse utilizing independent knowledge of physical assessment and management of health care and illnesses. The practice includes prescriptive privileges."

The key to this definition is the fact that a certified registered nurse practitioner is able to independently assess and manage health care and illness. This separates her from other professionals that carry out healing programs designed by others. This is the cornerstone that causes a certified registered nurse practitioner to "practice" medical science and healing. As a result, under the federal and state statutes and the code of federal regulations, plaintiff, as a

[1] There is a two-year statute of limitations applicable to FLSA claims, 29 U.S.C. § 255, so the October 2007 complaint can only look back to October 2005 for FLSA purposes.

registered nurse practitioner, falls within the learned professional exemption from coverage and within the practitioner of medicine exemption under the FLSA as a matter of law.

## CONCLUSION

For the foregoing reasons and for reasons stated in defendants' memorandum, the motion to dismiss should be granted.

Respectfully submitted,

DANIEL HALPREN-RUDER, M.D., and
URGENT MEDICAL CENTER OF
SMITHFIELD, INC., URGENT MEDICAL
CENTER OF CUMBERLAND, INC., and
WARWICK URGENT CARE PARTNERS,
INC., d/b/a STAT CARE-WARWICK MEDICAL

By their attorneys,

/S/ Robert D. Fine

Robert D. Fine, Esq. (#2447)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Phone: (401) 453-6400
Fax: (401) 453-6411

**U.S. Department of Labor**
*in the 21st Century*





# 29CFR541.304 - Practice of law or medicine.

- **Section Number:** 541.304
- **Section Name:** Practice of law or medicine.

(a) The term ``employee employed in a bona fide professional capacity'' in section 13(a)(1) of the Act also shall mean:

(1) Any employee who is the holder of a valid license or certificate permitting the practice of law or medicine or any of their branches and is actually engaged in the practice thereof; and

(2) Any employee who is the holder of the requisite academic degree for the general practice of medicine and is engaged in an internship or resident program pursuant to the practice of the profession.

(b) In the case of medicine, the exemption applies to physicians and other practitioners licensed and practicing in the field of medical science and healing or any of the medical specialties practiced by physicians or practitioners. The term ``physicians'' includes medical doctors including general practitioners and specialists, osteopathic physicians (doctors of osteopathy), podiatrists, dentists (doctors of dental medicine), and optometrists (doctors of optometry or bachelors of science in optometry).

(c) Employees engaged in internship or resident programs, whether or not licensed to practice prior to commencement of the program, qualify as exempt professionals if they enter such internship or resident programs after the earning of the appropriate degree required for the general practice of their profession.

(d) The requirements of Sec. 541.300 and subpart G (salary requirements) of this part do not apply to the employees described in this section.



**U.S. Department of Labor**
Frances Perkins Building
200 Constitution Avenue, NW 1-
TTY: