# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

KATHLEEN PARKER

-V- No. 07-401S

DANIEL HALPREN-RUDER, M.D., and URGENT MEDICAL CENTER OF SMITHFIELD, INC., URGENT MEDICAL CENTER OF CUMBERLAND, INC., and WARWICK URGENT CARE PARTNERS, INC., d/b/a STAT CARE-WARWICK MEDICAL

## *DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE ON DEFENDANTS' MOTION TO DISMISS*

Now come Defendants in the above entitled matter and, pursuant to LRCv 72 of the U.S. District Court Local Rules, object to and appeal from the Report and Recommendation dated June 26, 2008, of the Magistrate Judge on the Motion to Dismiss of Defendants. The grounds for the objection are set forth in Defendants' Memorandum of Law, filed herewith.

WHEREFORE, Defendants pray that the Court not accept the Report and Recommendation and instead that Defendants' Motion to Dismiss be granted.

Daniel Halpren-Ruder, et al.

By their attorneys,

/s/ Robert D. Fine

Robert D. Fine, Esq. (#2447)
Douglas J. Emanuel, Esq. (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Phone: (401) 453-6400
Fax: (401) 453-6411

Dated: July 11, 2008

## *CERTIFICATE OF SERVICE*

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 11 , 2008.

/s/ Robert D. Fine

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

KATHLEEN PARKER

-V- No. 07-401S

DANIEL HALPREN-RUDER, M.D., and URGENT MEDICAL CENTER OF SMITHFIELD, INC., URGENT MEDICAL CENTER OF CUMBERLAND, INC., and WARWICK URGENT CARE PARTNERS, INC., d/b/a STAT CARE-WARWICK MEDICAL

***DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE ON DEFENDANTS' MOTION TO DISMISS***

Defendants appeal from the Report and Recommendation of the Magistrate Judge recommending denial of Defendants' motion to dismiss.

## I. ERRORS IN REPORT AND RECOMMENDATION

### A. SPECIFIC ERRORS ALLEGED

1. The Magistrate Judge committed error by finding that Plaintiff, a registered nurse practitioner, was not exempt from coverage under the Fair Labor Standards Act ("FLSA"), despite the applicable federal regulations and the governing Rhode Island statutes. Despite the Report and Recommendation, the applicable regulations and statutes demonstrate that this Plaintiff is exempt from FLSA coverage.

2. The Magistrate Judge committed error in finding that the Statute of Frauds, R.I.G.L. Section 9-1-4(5) does not bar Plaintiff's claim, despite Plaintiff alleging in her complaint an oral agreement that could not be performed in less than five (5) years.

3. The Magistrate Judge committed error in recommending that the doctrine of estoppel is available to Plaintiff as an alternative to her contract claim governed by the Statute of Frauds, despite Rhode Island case law, including a decision issued subsequent to oral argument, demonstrating that it is not available to defeat the Statute of Frauds defense.

4. The Magistrate Judge committed error in not recommending that the complaint be dismissed, with prejudice as to federal claims and without prejudice to ancillary state claims.

## II. INTRODUCTION

The Defendants herein moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Rules of Civil Procedure for failure to state a claim. Defendants assert that based upon the Statute of Frauds and applicable statutory exemptions from coverage under the Fair Labor Standards Act, the significant counts of Plaintiff's ten-count complaint should be dismissed with prejudice and the ancillary state law claims should be dismissed without prejudice. The motion was heard by the Magistrate Judge, who recommended denial of the motion. Defendants have timely appealed.

### I. STANDARD ON A MOTION TO DISMISS.

Although under a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court "must accept the allegations of the complaint as true and if, under any theory, the allegations are sufficient to state a cause of action in accordance with the law (the Court) must deny the motion to dismiss," Vartanian v. Monsanto Company, 14 F.3d 697, 700 (1st Cir. 1994), the converse is also true. When the allegations, accepted as true, do not state a cause of action because of statutory or regulatory prohibition, the court should dismiss the action.

2. THE COMPLAINT.

Plaintiff Kathleen Parker ("Plaintiff" or "Parker") has alleged in her ten-count complaint that she is a registered nurse practitioner with experience in occupational healthcare (Paragraph 1 of complaint), that she was offered by Defendant or Defendants an unspecified equity interest in Defendant's companies if she worked for Defendant as a registered nurse practitioner for five years (Complaint Paragraph 8) and that her duties consisted of nursing, management and administration in occupational health services (Complaint at Paragraphs 8, 9 and 14).

Parker claims a violation of Defendants' agreement to give her an equity interest in Defendants' businesses as well as violations of requirements under the Fair Labor Standards Act ("FLSA") that hourly wage earners be paid overtime for overtime work. Her theories as to the agreement to receive an equity interest in Defendant companies are breach of contract, estoppel, breach of covenants of good faith and fair dealing, a request for specific performance, unjust enrichment and an accounting as set forth in Counts II, III, IV, V, VI, VIII and IX of the complaint. Count I of the complaint alleges a violation of the Fair Labor Standards Act. Count VII alleges a violation of a contractual obligation to fund a qualified 401-K retirement plan for Plaintiff's benefit. Count X alleges a violation of Rhode Island state law on unauthorized use of name and deprivation of a privacy right. Those last two claims are ancillary to the claims for violation of the FLSA and breach of contract and related counts controlled by the Statute of Frauds.

## III. ARGUMENT AS TO ERRORS IN REPORT AND RECOMMENDATION.

1. The Magistrate Judge committed error by finding that Plaintiff, a registered nurse practitioner, was not exempt from coverage under the Fair Labor Standards Act, despite the

applicable federal regulations and the governing Rhode Island statutes. Despite the Report and Recommendation, the applicable regulations and statutes demonstrate that this Plaintiff is exempt from FLSA coverage.

The FLSA, 29 U.S.C. § 206, sets minimum wage and maximum hour requirements for certain employees and plaintiff has alleged that defendants violated the FLSA. The FLSA has also exempted from its provisions employees employed in professional capacities as further defined by regulations promulgated by the Secretary of Labor. See 29 U.S.C. § 213(a). ("The provisions of section 206 and section 207 of this title shall not apply with respect to (1) any employee employed in a bona fide executive, administrative, or professional capacity . . .") The plaintiff meets the "professional capacity" test under Rhode Island law.

The Plaintiff alleges in her complaint that she was paid an hourly wage by Defendants and that she worked substantial hours in excess of 40 hours for which she was not paid compensation.[1] See Complaint at Paragraph 25. As stated above, Parker alleged that she was a registered nurse practitioner[2] and that she performed "various nursing, management and administrative services" for Defendants. See Complaint Paragraph 14.

As defined in R.I. Gen. Law § 5-34-3, a certified registered nurse practitioner "is an advanced practice nurse utilizing independent knowledge of physical assessment and management of health care and illnesses. The practice includes prescriptive privileges."

The key to this definition is the fact that a Rhode Island certified registered nurse practitioner is able to independently assess and manage health care illness. This separates her from other employees who carry out healing programs designed by others. This is the

[1] Defendants' position is that plaintiff was paid properly for all work performed.

[2] A registered nurse practitioner has certification requirements beyond those required of registered nurses ("RN's") or practical nurses ("PN's") and has greater privileges than P.N.'s or R.N.'s. See specifically R.I. Gen. Laws § 5-34-39 and generally R.I. Gen. Laws § 5-34-1 et seq.

cornerstone that causes a certified registered nurse practitioner to "practice" medical science and healing, and exempts her from FLSA coverage as further detailed in DOL regulations, discussed below. The U.S. Department of Labor has published regulations at 29 CFR 541.304 which further elaborate, "the term 'employee employed in a bona fide professional capacity'" contained in the statute. The regulations state "in the case of medicine, the exemption applies to physicians and other practitioners licensed and practicing the field of medical science and healing or any of the medical specialties practiced by physicians or practitioners." Furthermore, 29 CFR 541.304, attached, precludes employees employed in bona fide professional capacities who practice medicine (whether physicians or other practitioners licensed and practicing in the field of medical science and healing) from the salary requirement provisions of 29 CFR 541.600. It is specifically provided in 29 CFR 541.304 that the salary requirements set forth in other subparts of the FLSA regulations do not apply to practitioners of medical science described in the regulations. Therefore, the salary requirements on which Plaintiff based Count I of her complaint do not apply to employees described in the regulations as exempt professional employees, which include Plaintiff as a registered nurse practitioner as that term is defined under Rhode Island law. See Cowan v. Tri-Color, Inc., 869 F. Supp. 262 (D Del. 1994) (an employee's status under FLSA may be determined by a court as a matter of law).

The Report and Recommendation of the Magistrate Judge did not give proper attention to either the Rhode Island statute or to the regulatory exemption for learned professionals in conjunction with the salary exemption for practitioners licensed and practicing in the field of medical science and healing. As the regulation defining learned professionals states, the learned professional's work requires "the consistent exercise of discretion and judgment, as distinguished from performance of routine mental, manual, mechanical or physical work." 29 CRF

541.301(b). As noted in her complaint and as her profession is defined by Rhode Island statute, her job duties required independent knowledge and management of health care and illnesses, as well as training others.[3]

The Magistrate Judge was correct in concluding that there is an exemption from coverage under the FLSA for the practice of medicine under 29 CRF 541.304. Unfortunately, the regulation and case relied upon in the Report and Recommendation, Belt v. Emcare, Inc., 444 F.3d 403 (5th Cir. 2006), were misapplied. That case involved certain employees under Texas law, nurse practitioners and physician assistants. Unlike Rhode Island law as to registered nurse practitioners, Texas law provides that neither nurse practitioners nor physician assistants qualify to practice medicine or practice the healing arts in that state. Id. at 412. That status doomed the argument that the nurse practitioners and physician assistants in Texas were exempt from FLSA coverage under the professional exemption. In Rhode Island, a registered nurse practitioner, as noted, must utilize independent knowledge and also has prescriptive privileges. Those duties qualify a registered nurse practitioner as a practitioner licensed and practicing in the field of medical science and healing and therefore make that employee exempt under the professional capacity exemption under 29 CFR 541.304.

The Plaintiff is exempt from FLSA coverage and Defendants' motion to dismiss as to the FLSA Count, Count I, should be granted.

[3] Plaintiff cannot claim for FLSA purposes that she simply performed tasks as directed, something less than a skilled professional registered nurse practitioner utilizing independent knowledge, and at the same time also plausibly argue that she was entitled to an equity interest in urgent medical care businesses of Defendants for ministerial or routine work.

2. The Magistrate Judge committed error in finding that the Statute of Frauds, R.I.G.L. Section 9-1-4(5) does not bar Plaintiff's claim, despite Plaintiff alleging in her complaint an oral agreement that could not be performed in less than five (5) years.

R.I. Gen. Laws § 9-1-4(5) states that "no action shall be brought whereby to charge any person upon any agreement which is not to be performed within the space of one year from the making thereof." Plaintiff's complaint unmistakably alleges at Paragraph 8 that Defendant Halpren-Ruder offered Parker a non-specific amount of equity interest in Defendant Urgent Smithfield if she would work as his employee for five years.[4] Paragraph 8 is repeated in each count of Plaintiff's complaint. Because that contract could not possibly be performed within the space of one year, the Plaintiff cannot maintain an action based on that alleged oral contract.[5] Thus, judgment was entered based on application of the Statute of Frauds in In Re Belmont Realty Corp., 116 B.R. 21(B'cy D.R.I. 1990), (oral agreement not to call in a demand note until completion and sale of condominium project barred under statute of frauds for lack of ability to perform within one year), in favor of the employer in Weisse v. Engelhardt Minerals and Chemicals Corp., 571 F.2d 117 (2d Cir. 1978), (oral employment contract not capable of complete performance within one year of its making was unenforceable under the statute of frauds); and in Lindsey v. M.A. Zeccola & Sons, Inc., 26 F.3d 1236 (3d Cir. 1994), (affirming of dismissal for breach of employment contact which could not be performed within one year and thus was barred by the statute of frauds). Under no set of facts could a contract requiring Plaintiff to work at Defendants' companies for a period of five years be enforceable without a

---

[4] The Magistrate Judge correctly noted that the complaint leaves conspicuously blank the percent of equity interest allegedly offered. See complaint at paragraph 60. There is no question but that the percentage of ownership is a material term and renders the alleged agreement unenforceable. Jordan-Milton Mach., Inc. v. F/V Teresa Marie II, 97 F.2d 32, 35 (1st Cir. 1992).

[5] Defendants deny that any such oral contract, even if void due to the statute of frauds, ever existed.

written agreement. The case relied upon by the Magistrate Judge, Biggins v. Hazen Paper Company, 953 F.2d 1405 (1st Cir. 1992), vacated 507 U.S. 604 (U.S. 1993), was not a statute of frauds case. In Biggins, the First Circuit addressed a wrongful discharge claim and not a statute of frauds defense. In the instant action, the allegations are that there was a promise that could not be performed in less than five years and there was no written agreement to support it. The complaint does not allege that there was such a written agreement nor does one exist. For those reasons, the Plaintiff fails to state a claim upon which relief may be granted as to Counts II through VI, VIII and IX of the complaint, and those counts of the complaint should be dismissed with prejudice.

3. The Magistrate Judge committed error in recommending that the doctrine of estoppel is available to Plaintiff as an alternative to her contract claim governed by the Statute of Frauds, despite Rhode Island case law, including a decision issued subsequent to oral argument, demonstrating that it is not available to defeat the Statute of Frauds defense.

Count III of the complaint alleges that the Defendants are estopped from denying the existence of a contract. There is substantial case law which holds that the doctrine of promissory estoppel cannot be used to defeat the application of the statute of frauds, including Rhode Island case law decided after argument was heard by the Magistrate Judge.

See C.R. Fedrick, Inc. v. Borg-Warner Corp., 552 F.2d 852, 857 (9th Cir. 1977) (applying California law and concluding that state supreme court would not render California Commercial Code's § 2-201(1) and (2) a nullity by extending the doctrine of estoppel to vendor's oral bids for sale and delivery of specific goods); Lige Dickson Co. v. Union Oil Co. of California, 635 P.2d 103, 107 (Wash. 1981) (en banc) (declining to adopt doctrine of promissory

estoppel because it "would allow parties to circumvent the U.C.C." and joining "the other courts which limit the doctrine of promissory estoppel from overcoming a valid defense based on the statute of frauds contained within the Uniform Commercial Code"); Anderson Constr. Co. v. Lyon Metal Prods., Inc., 370 So.2d 935, 937 (Miss. 1979) (noting that the court had previously "declined to diminish the effect of the statute of frauds by applying the principle of estoppel" and stating that '[t]o hold otherwise would destroy the purpose of the statute to prevent frauds and perjuries"); Farmland Serv. Coop., Inc. v. Klein, 244 N.W.2d 86, 90 (Neb. 1976) (rejecting plaintiff's promissory estoppel argument which would have rendered statute of frauds "nugatory" in case where plaintiff had claimed defendants had orally agreed to sell it 90,000 bushels of corn).

The Magistrate Judge erroneously relied upon Demirs v. Plexicraft, Inc., 781 F. Supp. 860 (D.R.I. 1991) to recommend that estoppel can defeat the statute of frauds defense raised here. In Demirs, the court was presented with an ambiguous written agreement. Here, there was no written agreement, ambiguous or clear.

Oral argument was heard by the Magistrate Judge on December 19, 2007. The Rhode Island Supreme Court decided Brochu v. Santis, 939 A.2d 449 (R.I. 2008), on January 30, 2008. In Brochu, the court affirmed judgment against a real estate agent based on the absence of a written agreement. The plaintiff argued that, even in the absence of a written finder's fee contract, the doctrine of promissory estoppel saves his claim. Id. at 452. The court held that "the doctrine of promissory estoppel and quantum meruit claims are equally unavailing." Id. at 453. The court refused to "reopen the floodgates of litigation," id. by permitting alternate theories of recovery to nullify application of the Statute of Frauds. Id.

The same rationale is applicable to defeat Plaintiff's breach of contract claims defined in other words, including Count IV for breach of covenant of good faith and fair dealing, Count V for fraudulent inducement, Count VIII for unjust enrichment and Count IX for an accounting.

4. The Magistrate Judge committed error in not recommending that the complaint be dismissed, with prejudice as to federal claims and without prejudice to ancillary state claims.

Count VII alleges that Defendants failed to make a promised 401-K contribution on behalf of the Plaintiff. Count X alleges violation of state law regarding unauthorized use of name. Upon dismissal of the count alleging noncompliance with the FLSA and dismissal of the counts controlled by the statute of frauds as to the agreement that could not be performed within five (5) years, the remaining claims under state law should be dismissed without prejudice. If Plaintiff wishes to pursue them, they can be pursued in Rhode Island Superior Court. In Cardillo v. Cardillo, 360 F. Supp. 2d 402 (D.R.I. 2005), this Court stated that "when a district court dismisses all claims over which it has original jurisdiction, the court may, in its discretion, decline to exercise supplemental jurisdiction over the state law claims." Id. at 412 (after dismissal of federal claims, remaining state law claims were dismissed without prejudice.) Counts VIII and X are strictly state law claims and no allegation of diversity of citizenship, coupled with the requisite jurisdictional amounts, or federal questions are raised in those counts. The Court should dismiss those claims without prejudice.

## CONCLUSION

It is respectfully submitted that, based upon the exemption of the Plaintiff under the Fair Labor Standards Act and the application of a Statute of Frauds, the Magistrate Judge's Report and Recommendations not be accepted, that Plaintiff's complaint as to the counts with original

federal jurisdiction should be dismissed with prejudice. The remaining counts, Counts VIII and X should be dismissed without prejudice.

Respectfully submitted,

DANIEL HALPREN-RUDER, M.D., and URGENT MEDICAL CENTER OF SMITHFIELD, INC., URGENT MEDICAL CENTER OF CUMBERLAND, INC., and WARWICK URGENT CARE PARTNERS, INC., d/b/a STAT CARE-WARWICK MEDICAL

By their attorneys,

/s/ Robert D. Fine

Robert D. Fine, Esq. (#2447)
Douglas J. Emanuel, Esq. (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Phone: (401) 453-6400
Fax: (401) 453-6411

## *CERTIFICATE OF SERVICE*

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 11 , 2008.

/s/ Robert D. Fine

Electronic Code of Federal Regulations
e-CFR ™

## e-CFR Data is current as of July 7, 2008

## Title 29: Labor

PART 541—DEFINING AND DELIMITING THE EXEMPTIONS FOR EXECUTIVE, ADMINISTRATIVE, PROFESSIONAL, COMPUTER AND OUTSIDE SALES EMPLOYEES
Subpart D—Professional Employees



### § 541.304 Practice of law or medicine.

(a) The term "employee employed in a bona fide professional capacity" in section 13(a)(1) of the Act also shall mean:

(1) Any employee who is the holder of a valid license or certificate permitting the practice of law or medicine or any of their branches and is actually engaged in the practice thereof; and

(2) Any employee who is the holder of the requisite academic degree for the general practice of medicine and is engaged in an internship or resident program pursuant to the practice of the profession.

(b) In the case of medicine, the exemption applies to physicians and other practitioners licensed and practicing in the field of medical science and healing or any of the medical specialties practiced by physicians or practitioners. The term "physicians" includes medical doctors including general practitioners and specialists, osteopathic physicians (doctors of osteopathy), podiatrists, dentists (doctors of dental medicine), and optometrists (doctors of optometry or bachelors of science in optometry).

(c) Employees engaged in internship or resident programs, whether or not licensed to practice prior to commencement of the program, qualify as exempt professionals if they enter such internship or resident programs after the earning of the appropriate degree required for the general practice of their profession.

(d) The requirements of §541.300 and subpart G (salary requirements) of this part do not apply to the employees described in this section.



For questions or comments regarding e-CFR editorial content, features, or design, email ecfr@nara.gov.

For questions concerning e-CFR programming and delivery issues, email webteam@gpo.gov.

Section 508 / Accessibility