UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KATHLEEN PARKER | : | |
| | : | |
| v. | : | C.A. NO. 07-401S |
| | : | |
| DANIEL HALPERN-RUDER, M.D. and | : | |
| URGENT MEDICAL CENTER OF | : | |
| SMITHFIELD, INC.; URGENT MEDICAL | : | |
| CENTER OF CUMBERLAND, INC. and | : | |
| STAT CARE-WARWICK MEDICAL | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Kathleen Parker ("Plaintiff") hereby files her response to Defendants, Daniel Halpern-Ruder, M.D., Urgent Medical Center of Smithfield, Inc., Urgent Medical Center of Cumberland, Inc. and Stat Care-Warwick Medical ("Defendants") Objection to the Report and Recommendation of the United States Magistrate Judge filed June 27, 2008, denying Defendants' motion to dismiss.

For the reasons set forth in the Report and Recommendation, the Magistrate Judge correctly concluded that the Defendants' Motion to Dismiss based upon the exemption provision of the Fair Labor Standards Act ("FLSA") must be denied because said exemption was inapplicable to Plaintiff and further that Defendants' Motion to Dismiss the state law claims must be denied because Plaintiff's state law claims are not barred by the statute of frauds.

Plaintiff relies on her Memorandum in Support of Plaintiff's Objection to Defendants' Motion to Dismiss previously filed with this Court in support of this Response and said pleadings are hereby incorporated herein by reference as if fully set forth herein.

Defendants' Objection to the Report and Recommendation provides no legal or factual basis to reject or modify the Report and Recommendation and, accordingly, said Report and Recommendation must be affirmed in all respects.

**LEGAL ARGUMENT**

**I. The Magistrate Judge Correctly Determined that Plaintiff Was Not Exempt from Coverage Under the FLSA.**

The facts alleged in the Complaint clearly establish that Plaintiff was a registered nurse practitioner. Regardless, her duties, while involving some discretion, did not rise to the level of the practice of medicine under the FLSA exemption from salary requirements for persons employed in a professional capacity. The arguments set forth in Defendants' Objection do not alter this conclusion in any way.

The exemption from the salary requirement is clearly limited to persons having a license to practice medicine ***and*** holding an academic degree to practice medicine. 29 C.F.R. § 541.304. A registered nurse practitioner simply does not meet these prerequisites. The fact that a registered nurse practitioner may have prescriptive privileges under Rhode Island law does not equate to holding an academic degree to practice medicine. Significantly, R.I.Gen. Laws § 5-34-1 states a clear legislative purpose to regulate the practice of nursing, not the practice of medicine, as follows:

> The legislature of the state, in order to safeguard life, health, property, and the public welfare of the people of this state and, in order to protect the people of the state from the unauthorized, unqualified, and improper application of services by individuals in the practice of nursing, declares it a policy to continue to adequately provide for state regulatory authority for nursing. The legislature further declares it is the policy of the state that state regulatory authority for nursing has the power to enforce the provisions of this chapter. Any person who practices or offers to practice nursing or who represents oneself as a licensed professional or practical nurse without qualifying under the provisions of this chapter endangers the public health.

Likewise, R.I.Gen. Laws § 5-34-1.1, cited as the "Rhode Island Nurse Practice Act," unambiguously regulates nursing, not the practice of medicine. *Compare* R.I.Gen. Laws § 5-37-1 *et seq*. (entitled "Board of Medical Licensure and Discipline"). Moreover, as defined in R.I.Gen. Laws § 5-34-3 (3), a nurse practitioner is not authorized to act independently but "the practice includes collaboration with other licensed health care professionals including, but not limited to, physicians, pharmacists, podiatrists, dentists and nurses."

The Magistrate Judge also observed that the legislative history of the 2004 revision to the salary exemption indicates that it was intended to be narrow, as the Department of Labor specifically declined to expand the listed professions not subject to the salary test, despite the fact that the standards of other professions were rising. Moreover, the only case addressing applicability of the salary exemption to nurse practitioners, *Belt v. EmCare, Inc.*, 444 F.3d 403, 405 (5th Cir. 2006), properly deferred to the Department of Labor's interpretative statements excluding nurse practitioners from the salary exemption.

Defendants' efforts to distinguish *Belt v. EmCare, Inc.* are unavailing and were properly rejected by the Magistrate Judge. Rhode Island maintains separate Boards to regulate the practice of medicine and the practice of nursing. Accordingly, it cannot be concluded that nursing was intended to be tantamount to the practice of medicine under Rhode Island or federal law.

**II. The Magistrate Judge Correctly Determined that Plaintiff's Claims Were Not Barred by the Statute of Frauds.**

In their Motion to Dismiss, Defendants argued that Plaintiff's claims were barred by the statute of frauds, R.I. Gen. Laws § 9-1-4 (5), because the alleged agreement could not have been performed within one year and was not evidenced by a signed writing. However, when the Magistrate Judge read Plaintiff's Complaint in the light most favorable to the Plaintiff, as

required by the standard of review on a motion to dismiss, he determined that her claims were based on both the initial promise and the annual renewal of the promise to give her an equity interest in the business, such that the last agreement could have been performed within one year and was consequently not foreclosed by the statute of frauds. Thus, unlike *In re Belmont Realty Corp.*, 116 B.R. 21 (Bkrtcy.D.R.I. 1990), where there was no reference to a time frame for the performance of the agreement, thereby warranting dismissal, Plaintiff here does allege an agreement which could be performed within one year.

The Magistrate Judge also properly concluded that the lack of a promise of a specific percentage of equity interest was not fatal to Plaintiff's claims with regards to a Rule 12 (b)(6) motion.[1] As such, *Jordan-Milton Machinery, Inc. v. F/V Teresa Marie,* II, 978 F.2d 32, 35 (1st Cir. 1992), cited by Defendants, is inapposite as the Court did not address a motion to dismiss under Rule 12(b)(6), but affirmed a directed verdict because the evidence of the purported financing agreement was too vague and uncertain to create enforceable contract.

**III. The Magistrate Judge Correctly Determined that Plaintiff Alleged Sufficient Facts to Support her Estoppel Claims.**

Rhode Island law permits an estoppel claim to defeat the bar of the statute of frauds where the elements of an estoppel claim have been properly plead. *Demirs v. Plexicraft, Inc.*, 781 F.Supp. 860, 864 (D.R.I. 1991). In his Report and Recommendation the Magistrate Judge concluded that Plaintiff's Complaint sufficiently alleged the elements of an estoppel claim and therefore her claims were not defeated by the statute of frauds.

This conclusion is affected by the recent decision of *Brochu v. Santis*, 939 A.2d 449 (R.I. 2008), as that case addressed a different provision of the statute of frauds, R.I. Gen. Laws § 9-1-4

---

[1] Plaintiff intends to remedy this omission in due course in the form of an amended complaint.

(6) pertaining to agreements in connection with the sale of real estate. This provision embodies different policy considerations than section (5) and is the subject of established case law rejecting the doctrine of promissory estoppel and quantum meruit in the context of real estate brokerage agreements. In contrast, the doctrine of estoppel may be invoked to avoid the bar under section (5). *Demirs v. Plexicraft, Inc.*, 781 F.Supp. 860, 864 (D.R.I. 1991).[2]

## CONCLUSION

For the reasons set forth herein, and in Plaintiff's Memorandum previously filed with this Court, the Magistrate Judge's Report and Recommendation should be affirmed in all respects.

Plaintiff,
Kathleen Parker,

By her Attorney,

/s/ Thomas A. Tarro
Thomas A. Tarro III, Esq. #2046
THE LAW FIRM OF THOMAS A. TARRO III
The Summit East - Suite 330
Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732- 3362 (facsimile)

/s/ Christine M. Curley
CHRISTINE M. CURLEY (#4529)
275 Beacon Drive
North Kingstown, RI 02852
(401) 294-0847
FAX (401) 294-0849
christinecurley@earthlink.net

2 In addition, *Brochu v. Santis* was decided at the summary judgment stage.

## CERTIFICATION

I hereby certify that a true copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE ON DEFENDANTS' MOTION TO DISMISS was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 15th day of August 2008:

Robert D. Fine, Esq.
Chace, Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

/s/ Thomas A. Tarro, III_______